J. E. Barker v. V. L. Horn, d/b/a Horn's Used Cars

5-4679                                        432 S.W. 2d 21

Opinion Delivered October 7, 1968

*Mobley, Bullock & Harris for appellant.*

*George J. Cambiano* for appellee.

John A. Fogleman, Justice.    This appeal is taken from a deficiency judgment rendered against appellant on a note representing the deferred purchase price of an automobile sold him by appellee.    Error in granting the judgment on appellee's complaint and in failing to grant a judgment in favor of appellee on a counterclaim is asserted.

The thrust of appellant's argument on the deficiency judgment is that notice required by Ark. Stat. Ann. § 85-9-504(3) (Add. 1961) was not given.

The automobile was repossessed by appellee. Appellee testified that he told Barker the next day after the repossession that he was going to sell the car to the highest bidder. There is no evidence that any mention was made of the time or place of sale. On cross-examination, appellant denied that he received a letter from T. E. Martin on September 9, 1966 by registered mail. He identified Nina Barker as his wife. He denied that his signature appeared on a card exhibited to him. If this was a return receipt for registered mail, it was never introduced. Appellee stated that T. E. Martin was his attorney and apparently sought to testify that he had a copy of a notice Martin had sent. The copy was not introduced when objection was made on account of lack of personal knowledge by the witness. Thus, there was no evidence upon which to base any finding that notice was given. There is no contention that such notice was not required in this case. The statute requires notice of the time and place of public sale. While only reasonable notification of the time after which a private sale will be made is required, appellee's oral notice was of a sale to the highest bidder without specification of any time. For this reason, it cannot be said to constitute reasonable notice.

Section 85-9-507(1) provides that a debtor has a right to recover any loss caused by a failure of the secured party to comply with §§ 85-9-501—7 in disposing of collateral. There is a presumption that the collateral is worth at least the amount of the debt in such cases, so that the secured party has the burden of proving the amount that should reasonably have been obtained through a sale conducted according to law. *Norton* v. *National Bank of Commerce,* 240 Ark. 143, 398 S.W. 2d 538. The only evidence offered by appellee on this point was that he sold the car to Arnold Ed-

wards for $275.00. No effort was made to show that this was the value of the vehicle or the amount it should have brought. Thus, there is no evidence to support any judgment in favor of appellee.

Appellant's counterclaim was for new tires he claimed to have put on the automobile and tools he left in the trunk thereof. Appellee repossessed the car from a repair shop where it had been left by appellant. Appellee testified that there were no tools in the car at that time and that the tires on it were "rags." We cannot say that the finding of the trial court on the counterclaim was not based on substantial evidence.

The judgment of the circuit court in favor of appellee on his complaint is reversed and the cause dismissed. The judgment on appellant's counterclaim is affirmed.

BYRD, J., not participating.