UNIVERSAL C. I. T. CREDIT CO. *v.*
ALLEN RONE AND THELMA RONE

5-5224                                         453 S. W. 2d 37

Opinion delivered May 4, 1970

*N. M. Norton,* for appellant.

*Allen Rone* and *Thelma Rone,* pro se.

JOHN A. FOGLEMAN, Justice. Appellant, Universal C. I. T. Credit Company, instituted this action for deficiency judgment against Allen and Thelma Rone, appellees. According to appellant, its original loan to appellees was $1,332 including interest and insurance premiums. The obligation was payable in 18 installments of $74 each, due the twenty-second of each month. The security was a 1957 Ford pickup truck and a 1956 Cadillac sedan. The first two installments, due May 22 and June 22, 1963, were paid. There is a disagreement between the parties as to the number of installments delinquent before the security was repossessed. At any rate, the vehicles were repossessed on September 11, 1963, and sold on October 22, 1963.

Both appellees stated that they did not receive notice of the sale. Mrs. Rone testified that, at the time the notice was allegedly sent, she and her husband lived on a lot behind her employer's store; that the post office box the notice allegedly was sent to was that of her employer, Mr. Copeland; and that any one of several people, including her, would remove the mail from the box, take it into the store and place it beside the cash register to be picked up by the various addressees. Mr. Copeland did not recall receiving the letter containing the notice but admitted that "a post office card," which was a receipt for certified mail, bore his signature under the caption "signature or name of addressee's agent." The receipt shows October 12, 1963, as date of delivery.

Appellant introduced testimony that the vehicles were sold at public sale and that the automobile was sold for $200 and the pickup truck for $125. The purchaser of the Cadillac testified that he considered the price he paid to be the fair market value. No testimony was offered by appellant as to the value of the truck. Appellant did present testimony through Mr. Ward, its credit manager at the time the sale took place, that it did the best it could to get a good price. Appellee Allen Rone testified that he had spent substantial sums of money repairing the vehicles and that

the value of the automobile was $700 while the value of the truck was $700 or $750. He testified that he bought both vehicles in April of 1963 and that he traded in a 1956 Ford station wagon and paid $1,000 for the vehicles.

Appellant's branch manager, Mr. Kelley, testified that after allowing credits for the proceeds of the sale, payments made by appellees, unearned insurance premiums and unearned interest, and adding the cost of the sale, there remained a balance of $756.26,[1] the amount sought in this action.

From an adverse judgment based on a jury verdict denying recovery, Universal C. I. T. Credit Company brings this appeal, challenging only the correctness of the court's Instruction No. 2 and the court's refusal to give plaintiff's Instruction No. 1. As to the latter contention there was no error since the proposed instruction did not require that the jury find the sale to be commercially reasonable or conducted according to law as a condition to rendition of a verdict for the entire deficiency.

Appellant's right to a deficiency judgment is established by Ark. Stat. Ann. § 85-9-504(2) (Add. 1961). The burden was upon the secured party as the plaintiff to establish the amount for which it was entitled to judgment. This is not an action by the debtor to recover damages because of appellant's failure to proceed in good faith and in a commercially reasonable manner, as is treated by Ark. Stat. Ann. § 85-9-507 (Add. 1961). Appellees were entitled to, and did, assert the right to credit for the loss they claimed as having resulted from failure on the part of appellant to comply with the provisions of §§ 85-9-501—85-9-507, governing procedure upon default as a defense to the claim of appellant. *Alliance Discount Corp.* v. *Shaw*, 195 Pa. Super. 601, 171 A. 2d 548 (1961). See *Norton* v. *National Bank of Commerce of Pine Bluff*, 240 Ark. 143, 398

---

[1]There appears to be an error of $1.00 in this figure as the actual calculation made showed the balance to be $755.26, as Kelley ultimately stated.

S. W. 2d 538; *Barker* v. *Horn,* 245 Ark. 315, 432 S. W. 2d 21. The failure to give the notice required by the code cannot constitute an absolute defense to an action for a deficiency judgment. *Norton* v. *National Bank of Commerce of Pine Bluff,* supra; *Carter* v. *Ryburn Ford Sales,* 248 Ark. 236, 451 S. W. 2d 199. We have held that, in determining entitlement to deficiency judgment under such circumstances, the debt is to be credited with the amount that reasonably should have been obtained through a sale conducted according to law, rather than the actual sale price. *Norton* v. *National Bank of Commerce of Pine Bluff,* supra; *Barker* v. *Horn,* supra.

In an action to recover a deficiency judgment in which the sale of collateral is attacked for want of notice, the burden of showing the giving of any notice required should properly devolve upon the secured party, not solely because it is the plaintiff in the action, but because the proof with respect thereto is peculiarly within its knowledge.[2] *Mallicoat* v. *Volunteer Finance and Loan Corp.,* 57 Tenn. App. 106, 415 S. W. 2d 347 (1966). Appellant also had the burden of showing the amount of the deficiency it was entitled to recover. *Carter* v. *Ryburn Ford Sales,* supra. Whenever the value of the collateral is an issue in an action to recover a deficiency, there is a presumption that it was worth at least the amount of the debt, and the secured party has the burden of proving the amount that should have been obtained through a sale conducted according to law. *Barker* v. *Horn,* supra. It is only where the sale is conducted according to the requirements of the code that the amount received or bid at a sale of collateral is evidence of its true value in an action to recover a deficiency. *Schabler* v. *Indianapolis Morris Plan Corporation,* Ind., 234 N. E. 2d 655 (Ct. App. 1968).

It cannot be said as a matter of law that there was compliance here with the notice requirements of

[2]For pre-code application of this principle see *City of Fort Smith* v. *Dodson,* 51 Ark. 447, 11 S. W. 687.

the commercial code. Not only did appellees deny ever having received any notice of the time and place of sale, the only evidence that such notice was given consisted of a carbon copy of a notice of sale addressed to appellees and dated October 11, 1963, and a postal receipt bearing the names of appellees purportedly signed by C. H. Copeland, found with it in appellant's files by one of its employees who had no connection with or personal knowledge of the matter.[3] The receipt was not identified in relation to the letter, except by date and an unexecuted form labeled "Receipt for Certified Mail." The manager in appellant's office at the time of the repossession did no more than identify his signature on the copy of the notice in appellant's file. He had no recollection of the sale of the collateral. No one knew of any notice given to the public. Thus, there was a fact question as to notice of sale and commercial reasonableness. The instruction offered by appellant was a binding instruction which failed to mention these vital issues. For this reason, refusal to give it was not error. *Reynolds* v. *Ashabranner*, 212 Ark. 718, 207 S. W. 2d 304.

Appellant urges four points for reversal because of the giving of Instruction No. 2 over its specific objections. That instruction is as follows:

> You are instructed that under Arkansas Law a finance company can, under certain conditions, procure a deficiency judgment against a borrower provided the law governing the procedure is followed. The question of proper procedure, proper notice, and commercial reasonableness of the sale have been raised as defenses by the defendants. You are instructed that before C. I. T. Credit Company is entitled to a judgment against the defendants, you must find from the evidence that every aspect of the sale, including the method,

---

[3]We do not mean to say that this evidence was not properly admitted under the "business records" statute.

manner, time, place and terms of the sale were commercially reasonable.[4]

The first point argued is that the instruction is erroneous because it permits appellees to have the benefit of a setoff or counterclaim when none was pleaded. Appellees, in their answer, denied the indebtedness, denied having notice of the sale, denied that the sale was for a commercially reasonable value and generally denied other allegations of the complaint. As pointed out above, the issues raised as to notice, commercial reasonableness, and the amount of the deficiency, if any, were defenses which placed the burden of proof on appellant. Thus, there was no question of setoff or counterclaim involved.

Appellant's second argument is that this instruction erroneously placed the burden on appellant to prove that the sale was commercially reasonable. We have heretofore stated the propriety of imposing the burden as to certain matters on appellant. Still, it does not seem to us that this instruction places the burden of proof on anyone. The first instruction given by the court may well have placed the burden on appellant, but no objection was made to that instruction.

Appellant's third point is its contention that Instruction No. 2 erroneously fixed the damages for breach of the requirement that the sale be commercially reasonable [Ark. Stat. Ann. § 85-9-504(3) (Add. 1969)] without regard to appellees' actual damages or to the statutory damages even though there was some proof by appellant of appellees' actual damages. Arkansas Statutes Annotated § 85-9-507(1) (Add. 1961) provides that the debtor has a right to recover from the secured party any loss caused by a failure to comply with §§ 85-9-501—507, and, if the collateral is consumer goods, fixes a minimum amount for recovery.[5]

---

[4]No other instruction was given as to the amount of credit to which appellees might be entitled. (Footnote ours.)

[5]We are not able to say whether either, or both, of the vehicles were "consumer goods" as a matter of law.

We find this objection to be well taken. The only definite testimony as to the amount of the debt, at the time of the sale, showed it to be $1,070.26, after credits were deducted for unearned interest and unearned insurance premiums, and costs of storage and repair of the collateral were added. There was no testimony except that of Allen Rone as to the value of the pickup truck. He placed it at $700 to $750. He testified that the combined value of the two vehicles was in excess of $1,400. Thus if the jury found that the required notice was not given, it might have found that the value of the two vehicles at the time of the sale was as little as $900 or as much as $1,400. The instruction failed to allow for the fact that, when commercial code requirements for disposition of collateral have not been followed, judgment for a secured party can be rendered for the amount by which its deficiency exceeds the amount the collateral reasonably should have brought if code requirements had been followed. Even if proper notice was not given, in this case under the evidence adduced, appellant may not have been entitled to judgment for any deficiency, or it may have been entitled to judgment for $180.26, the amount of its apparent deficiency ($755.26) less the difference between Rone's lowest valuation of the pickup truck ($700) and the sale price ($125). See *Norton* v. *National Bank of Commerce,* supra; *Barker* v. *Horn,* supra.

Our finding, that there was an issue of fact as to whether the sale was commercially reasonable under the commercial code, disposes of appellant's point four, in which he asserts that the instruction was erroneous because there was no such question. In addition, this point was raised for the first time on appeal and cannot be considered. *Bussell* v. *Missouri Pacific Railroad Company,* 237 Ark. 812, 376 S. W. 2d 545. Further, the issue was submitted to the jury by the court's Instruction No. 3 without objection.

Because of the error indicated the judgment is reversed and the cause remanded for a new trial.