Leonard H. Sandler, J.
The important issue squarely presented here is whether or not a secured creditor may recover a deficiency judgment under the Uniform Commercial Code after a sale of a respossessed article that was not conducted in accordance with the notice provisions of the statute (Uniform Commercial Code, § 9-504, subd. [3]).
In the only three reported New York cases involving the question that have come to my attention, the answer was in the negative in two cases, Associates Discount Corp. v. Cary (47 Misc 2d 369 [Civ. Ct., N. Y., 1965]), Jefferson Corp. v. Marcano (60 Misc 2d 138 [Civ. Ct., N. Y., 1969]) and in the affirmative in one case, Chase Manhattan Bank v. Lyon Air (N. Y. L. J., March 15, 1971, p. 2, col. 4 [Sup. Ct., N. Y. County]).
In view of the importance of the question, the split in the New York decisions, and the varying results throughout the country, a careful examination of the problem is appropriate.
The background facts here are both simple and familiar. The plaintiff “leased” and “ rented ” certain equipment to the defendant at a speified monthly rental for a period of 66 months. Title was reserved in the lessor. A time came when the defendant defaulted in making payments, the entire remaining amount became due under an acceleration clause, and the equipment was lawfully repossessed.
*1090 Bids were solicited from dealers in such equipment and it was sold for the highest of the three bids received. Testimony was presented by the plaintiff, and not controverted by the defendant, that the amount received was the then fair market value of the equipment, and I find that to be the fact. However, raising the issue stated above, it is undisputed that plaintiff did not notify the defendant “ of the time after which any private sale or other intended disposition is to be made ”, as explicitly required by subdivision (3) of section 9-504 of the Uniform Commercial Code.
Notwithstanding this omission, the plaintiff now seeks a deficiency judgment, representing the remaining obligation after the sale, together with counsel fees.
The question presented is emphatically one in which a review of the historical background is critically important.
The common-law rule in New York, as it was generally, held, in the absence of special contractual provisions, that the obligation of the debtor was terminated when the conditional vendor repossessed the property (Osgood Co. v. Wilkinson, 265 N. Y. 70 [1934] ; Ratchford v. Cayuga County Cold Stor. & Warehouse Co., 217 N. Y. 565 [1916]. See, also, Ann. 49 ALR 2d 15, 19, Rights and Duties of Parties to Conditional Sales Contract as to Resale of Repossessed Property). This doctrine was of course modified drastically by the detailed provisions of the Uniform Conditional Sales Act (former Personal Property Law, art. 4, §§ 60-81-b). That statute set forth certain circumstances under which a conditional vendor was required to sell repossessed property, or permitted to do so, the ways in which the sale was to be conducted, and the nature of the notice to be given (former Personal Property Law, §§ 77-80-b).
Significantly, the principle became firmly established in New York, as in virtually all States that adopted the Uniform Conditional Sales Act, that the right of the conditional vendor to secure a deficiency judgment was dependent upon precise compliance with the statutory requirements as to notice. (Warren-Joel Corp. v. Kirschenbaum, 57 Misc 2d 451, affd. 31 A D 2d 1005 [1st Dept., 1969] ; Manufacturers Hanover Trust Co. v. Goldstein, 25 A D 2d 405 [1st Dept., 1966] ; Mott v. Moldenhauer, 261 App. Div. 724 [3d Dept., 1941], app. dsmd. 287 N. Y. 678 [1941] ; see Ann. 49 ALR 2d 34, 35.)
This rule was adopted even though (1) the statutory language did not specifically link the right to secure a deficiency judgment with such notice (see former Personal Property Law, §§ 79, 80, 80-a and 80-b), and (2) section 80-e specifically declared *1091 the debtor’s right to recover actual damages in the event of a violation of the sections regulating sale and notice of sale.
The Uniform Commercial Code has of course altered and modernized the Uniform Conditional Sales Act in a number of ways, which need not be detailed here. The sections bearing on the disposal of a repossessed article, while significantly more flexible than the comparable sections of the older statute, are quite similar in basic outline. (See Uniform Commercial Code, §§ 9-501 through 9-507.)
If the authors of the Uniform Commercial Code proposed to overthrow the firmly established and generally accepted construction of the older statute denying recovery for a deficiency where there was not precise compliance with the notice requirement, they surely would have manifested that intent in clear and unambiguous language. (Cf. 2 Gilmore, Security Interests in Personal Property, § 44.9.4, p. 1264.) In fact, there is not the slightest intimation of any such purpose to be found in the Uniform Commercial Code. The conclusion is inescapable that the prior interpretation continues to be applicable under the Uniform Commercial Code, and that the failure of this plaintiff to follow the quite modest notice requirements of subdivision (3) of section 9-504 defeats absolutely the claim here asserted.
Quite apart from the background described above, I am satisfied that' the same conclusion is required by a textual analysis of the relevant sections of the Uniform Commercial Code.
It surely has meaning that the very section that affirms the right to a deficiency judgment after sale of a repossessed article also describes in simple and practical terms the rules governing dispositions as well as the pertinent notice requirements. If a secured creditor’s right to a deficiency judgment were intended to be independent of compliance with those rules, one would surely expect that unusual concept to be delineated with clarity. The natural inference that the right depends upon compliance is forcefully underlined by the joining of the two provisions in one section.
The plaintiff’s contention that a secured creditor’s right to a deficiency judgment under the described circumstances is limited only by the remedies set forth in section 9-507 seems to me a tenuous one indeed, apart from the fact that no such effect was ever accorded the corresponding section in the Uniform Conditional Sales Act (former Personal Property Law, § 80-e).
Preliminarily, it may be noted that section 9-507 makes no direct allusion to the circumstances under which a right to a deficiency judgment may arise.
*1092 More significant is the special nature of the language used: ‘ ‘ the debtor or any person entitled to notification * * * has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part.” If this were intended to authorize a defense to an action for a deficiency judgment, it is hard to envisage language less apt to that purpose. The words used plainly contemplate an affirmative action to recover for a loss that has already been sustained — not a defense to an action for a deficiency. The distinction between an affirmative action and a defense is a familiar one, phrases that articulate the different concepts are familiar in the law, and it is unlikely that the experienced authors of the Uniform Commercial Code intended by the above language to provide a limited defense to an action for a deficiency judgment based on a sale that had viplated the simple and flexible statutory procedure.
It seems far more probable that this latter section has nothing whatever to do with defenses to an action for a deficiency, since it was never contemplated that a secured party could recover such a judgment after violating the statutory command as to notice.
I have of course given consideration to the fact that a number of the jurisdictions considering this problem have reached a different conclusion, and I have examined these opinions quite closely. (See Norton v. National Bank of Commerce, 240 Ark. 143) ; Weaver v. O’Meara Motor Co., 452 P. 2d 87 [Alaska, 1969] ; T & W Ice Cream v. Carriage Barn, 107 N. J. Super. 328 [1969] ; Investors Acceptance Co. v. James Talcott, Inc., 454 S. W. 2d 130 [Tenn., 1970] ; Abbott Motors v. Ralston, 28 Mass. App. Dec. 35 [1964] ; contra: Braswell v. American Natl. Bank, 117 Ga., App. 699) ; Skeels v. Universal C.I.T. Credit Corp., 222 F. Supp. 696 [W. D. Pa., 1963], mod. other grounds 335 F. 2d 846 [3d Cir., 1969] ; One Twenty Credit Union v. Darcy, 401 Mass. App. Dec. 64 [1968] ; Foundation Discounts v. Serna, 81 N. M. 474.)
Three points concerning these opinions should be made. First, none of these decisions refers to the presence in the jurisdiction of a settled interpretation of the corresponding provisions of the Uniform Conditional Sales Act such as existed in New York. While there was a comparable body of law in several of those jurisdictions, the failure to refer to it and to describe bow it had been changed by the new statutory language surely undermines the authority of those cases.
x Second, none of these opinions undertakes a detailed textual analysis of the relevant statutory language.
*1093 Finally, the courts reaching the above conclusion were so disturbed by the harsh and unfair consequences that were perceived to follow it, that strenuous judicial efforts were made to mitigate these consequences. The most common formula was to create a presumption that the repossessed item had the value of the outstanding debt and to place upon the secured party the burden of proving a different value. (Cf. Universal C.I.T. Credit Co. v. Rone, 453 S. W. 2d 37 [Ark., 1970].)
I am persuaded that this kind of judicial fiction is not necessary to reach a sensible and fair result. The most natural construction of the statutory language, the legal background, the realities of the relationships between secured creditors and debtors who have defaulted and their respective resources for prosecuting lawsuits, all point unmistakably to the conclusion that the right to a deficiency judgment depends on compliance with the statutory requirements concerning dispositions and notice.
The burden on the secured creditor is by no means onerous. If he wishes a deficiency judgment he must obey the law, the relevant provisions of which are now simpler and more flexible than before. If he does not obey the law he may not secure a deficiency judgment.
Accordingly, judgment is to be entered for the defendant.