GRANT COUNTY TRACTOR CO., INC., *Appellant,* v. VERNON
E. NUSS *et al., Respondents and Cross-appellants.*

*Darrell E. Ries* (of *Ries & Kenison*), for appellant.

*John E. Calbom,* for respondents and cross-appellants.

GREEN, J.—Plaintiff, Grant County Tractor Co., Inc.,
brought an action for a deficiency judgment on a contract

and security agreement for the sale of certain farm equipment to defendants, Vernon E. Nuss and wife. Defendants filed an answer and counterclaim denying plaintiff's allegations and seeking rescission of the contract and damages by reason of the alleged defective condition of the equipment. The trial court entered judgment denying relief to either party. Both parties appeal.

The question presented by plaintiff's appeal is whether or not it is entitled to a deficiency judgment under RCW 62A.9-504 of the Uniform Commercial Code where one of several items of equipment in the possession of the secured party has been sold without reasonable notice of the sale having been first given to the debtor. The defendants' cross-appeal seeks review of the court's refusal to grant rescission, direct a refund of the downpayment and award damages for loss of profits.

On August 15, 1968, defendants purchased an Oliver diesel tractor, model 1850, a Howard rotovator and a Brillion packer from the plaintiff under a written purchase security agreement. They made the required installment payments and used the equipment for farming. On July 1, 1969, defendants decided to exchange the model 1850 Oliver tractor for a model 1950T. To consummate this exchange, a new contract and security agreement was executed, replacing the prior agreement. The first annual payment of $3,867.10 was due and payable by defendants on September 1, 1969. They defaulted.

On January 8, 1970, defendants unilaterally and without request delivered the tractor, rotovator and packer to plaintiff's sales yard. Plaintiff's employees examined the equipment and determined that the rotovator and packer were not worth repairing and their only value was for salvage. On January 13, 1970, defendants through their attorney notified plaintiff in writing of their election to rescind the contract. In the early part of April, 1970, about the time this action was instituted, plaintiff sold the tractor without first giving notice to defendants. Upon trial, the court found that the balance due on the contract was $3,507 but refused

to enter judgment for this amount "because Plaintiff failed to give notice to the Defendants of the sale of the tractor." Plaintiff assigns error to this finding and conclusion.

The trial court accepted defendants' position that when plaintiff sold one item without notice to defendants, in violation of RCW 62A.9-504(3), plaintiff lost its right to a deficiency judgment. In so doing, it committed error.

The collateral in question is classified as equipment, rather than consumer goods. RCW 62A.9-108. RCW 62A.9-504 provides that a secured party in possession after default may sell, lease or otherwise dispose of the collateral. This statute also provides:

> (2) If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and, unless otherwise agreed, the debtor is liable for any deficiency. . . .
>
> (3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, and except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state or who is known by the secured party to have a security interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale.

These provisions authorized the plaintiff to sell the tractor, rotovator and packer, either as a unit or separately. The amount claimed by plaintiff as the balance due on the

contract is an amount equal to the purchase price of the rotovator and packer, less their salvage value. Defendants do not contest this amount which the court found to be $3,507, but argue that the plaintiff is not entitled to a judgment for that amount because it failed to give notice of the sale of the tractor.

This issue is one of first impression in this state. Other jurisdictions have reached opposite results under similar provisions of the Uniform Commercial Code. One line of authority holds that failure to comply with the notice requirements of RCW 62A.9-504(3) results in a forfeiture of the right to a deficiency. *Leasco Data Processing Equip. Corp. v. Atlas Shirt Co.*, 66 Misc. 2d 1089, 323 N.Y.S.2d 13 (1971); *Foundation Discounts, Inc. v. Serna*, 468 P.2d 875 (N.M. 1970); *Braswell v. American Nat'l Bank*, 117 Ga. App. 699, 161 S.E.2d 420 (1968); *Skeels v. Universal C.I.T. Credit Corp.*, 222 F. Supp. 696 (W.D. Pa. 1963). The other line of authority holds that the failure to give notice does not prevent a deficiency. *Universal C.I.T. Credit Co. v. Rone*, 453 S.W.2d 37 (Ark. 1970); *Weaver v. O'Meara Motor Co.*, 452 P.2d 87 (Alas. 1969); *T & W Ice Cream, Inc. v. Carriage Barn, Inc.*, 107 N.J. Super. 328, 258 A.2d 162 (1969); *Mallicoat v. Volunteer Fin. & Loan Corp.*, 415 S.W.2d 347 (Tenn. Ct. App. 1966). We adopt the reasoning of the second line of cases.

RCW 62A.9-504(2), quoted above, provides that the debtor is liable for a deficiency, if there is no agreement to the contrary. RCW 62A.9-507(1) provides:

(1) If it is established that the secured party is not proceeding in accordance with the provisions of this Part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part.

Under this provision if the creditor fails to give notice to the debtor as required by RCW 62A.9-504(3), the debtor

has a right to recover from the creditor any loss caused by the failure to give that notice. Thus, in the instant case if the sale of the tractor without notice had resulted in a loss to the defendants, the defendants would have a right in the instant proceeding to claim that loss against the deficiency sought by the plaintiff. In view of this remedy, we are of the opinion the writers of the Uniform Commercial Code did not intend that the creditor's failure to give notice would result in a forfeiture of the creditor's right to a deficiency. See Hogan, *Pitfalls in Default Procedure*, 2 UCC L.J. 244, 257 (1969).

■ Further, it should be noted that defendants unilaterally and voluntarily delivered to plaintiff complete control of the security and gave written notice of their election to rescind the transaction. It has been held that such conduct constitutes a waiver of the debtor's right to reasonable notice of an impending sale or estops the debtor from claiming a violation of the statute. *Nelson v. Monarch Inv. Plan of Henderson, Inc.*, 452 S.W.2d 375 (Ky. Ct. App. 1970).

■ Defendant also contends that plaintiff is not entitled to a deficiency because the rotovator and packer have not been sold. Under the statute a secured party may sell, lease or otherwise dispose of a collateral. RCW 62A.9-504(1). Disposition is not restricted to a sale. The only restriction placed on the secured party's method of disposition is that it be commercially reasonable, RCW 62A.9-504, official comment 1. A disposition which has been approved in a judicial proceeding is deemed commercially reasonable. RCW 62A.9-507(2).[1]

---

[1]"(2) The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner. The principles stated in the

In the instant case, defendant had notice of plaintiff's claim. Plaintiff presented testimony that the rotovator and packer were not worth repairing and estimated their salvage value. This testimony was not substantially disputed. The trial court determined that the defendants' use of the rotovator and packer depreciated their value to $300 and $50, respectively; and, after allowing credit for these amounts, the balance due on the contract was $3,507. This determination was a judicial disposition within RCW 62A.9-507(2). Judgment should have been entered accordingly.

■ The assignments of error raised by defendants on their cross-appeal are directed to the findings of fact entered by the trial court and the refusal to enter defendants' proposed findings. This determination was made upon conflicting evidence. We find substantial evidence to support the findings entered by the trial court and they will not be disturbed.

Judgment reversed and remanded for entry of judgment in accordance with this opinion.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied June 7, 1972.

Review denied by Supreme Court July 21, 1972.

---

two preceding sentences with respect to sales also apply as may be appropriate to other types of disposition. *A disposition which has been approved in any judicial proceeding or by any bona fide creditors' committee or representative of creditors shall conclusively be deemed to be commercially reasonable,* but this sentence does not indicate that any such approval must be obtained in any case nor does it indicate that any disposition not so approved is not commercially reasonable." (Italics ours.)