Jerry RHODES *v.* OAKLAWN BANK

82-275                                               648 S.W.2d 470

Supreme Court of Arkansas
Opinion delivered April 4, 1983

*Smith, Stroud, McClerkin, Dunn & Nutter*, by: *Nelson V. Shaw*, for appellant.

*Wheeler, Graham, Gooding & Morriss*, by: *Josh R. Morriss, III*, for appellee.

JOHN I. PURTLE, Justice. Appellant executed a promissory note to appellee which was secured by some items of restaurant equipment and a prefabricated aluminum building. The appellant had operated a fast food restaurant from this building and used the equipment in the business. Appellant defaulted in his payment schedule and appellee repossessed the building and equipment. Some months later, appellee sold the collateral. Appellant was never sent written notice of the sale. Appellee brought suit for failure to make payments under the terms of the note. The trial court granted judgment against appellant in the sum of $21,516.32. Appellant argues on appeal that the trial court erred in failing to find: (1) the sale was not commercially reasonable, (2) the appellee unjustifiably impaired the collateral, and, (3) that appellant should be allowed an offset of an amount equal to the proceeds of the sale. We hold that the appellee failed to give notice as required by the Uniform Commercial Code, and do not reach the other arguments presented on appeal. The case is reversed and dismissed.

In 1975, appellant and his brother purchased a portable building and the necessary equipment to operate a fast food

establishment. The building and air conditioning unit were purchased for $26,700. The other equipment, almost all stainless steel, increased the total capital investment to $41,864.74. The appellant's brother died in 1976 and on January 18, 1978, appellant renegotiated a loan with appellee in the sum of $20,592.02. In September, 1978, the appellee called the balance due on the note because appellant defaulted on the monthly note payment.

Appellee repossessed the building and equipment in November, 1978, and tried to sell the property without success. On December 6, 1978, the property was listed for sale with a real estate firm. The list price was $10,000 but no buyer was found. A "for sale" sign was placed upon the property, which was only a few hundred feet from appellant's other business where he worked daily. The equipment was stored on the back of a trailer in an open lot. The equipment was subsequently exposed to the elements and depreciated in value. In July of 1979 appellee sold the collateral for $1,400. Specific notice of the sale, or a date after which the sale would be made, was not given to appellant.

Appellee brought suit for $21,516.32 plus costs, interest and attorney's fees. Appellant defended on the grounds that the sale was not "commercially reasonable" and that the appellee unjustifiably impaired the collateral. The trial court granted judgment in the amount of $21,516.32 without making specific findings of fact and conclusions of law.

The pertinent part of Ark. Stat. Ann. § 85-9-504 (3) (Supp. 1981) reads:

> Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms, but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be *sent* by

the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. (Emphasis supplied).

In the case of *Barker* v. *Horn*, 245 Ark. 315, 432 S.W.2d 21 (1968), we held that the debtor was entitled to notice of the time and place of a public sale or reasonable notice of the time after which a private sale would be made. In *Barker*, the creditor told the debtor on the day after repossession, that he would sell the car to the highest bidder. He did not, however, mention the time or place of the sale. Evidence was introduced to the effect that notice had been mailed. The debtor denied receipt of the letter. We construed this same statute to require notice and since it was not proven we reversed and dismissed the deficiency judgment obtained by the creditor. In *Wheeless* v. *Eudora Bank*, 256 Ark. 644, 509 S.W.2d 532 (1974), the creditor repossessed an automobile and sold it at public sale a few weeks later without giving notice to the debtor as to the time of the sale. At trial on the deficiency claim it was argued that notice was given and received by the debtor when he surrendered the keys at the time of repossession and when he promised to pay the deficiency judgment after being notified of such. The trial court directed a judgment in favor of the creditor. We reversed and remanded, holding that there was a valid jury question and that the trial court should not have directed a verdict. As to the law in question, we held that the provisions of Ark. Stat. Ann. § 85-9-504 (Supp. 1973) required more than knowledge of repossession or that the collateral would eventually be sold. We also held that after default and prior to a sale of collateral in its possession, a creditor must give notice to the debtor of the time and place of a public sale or the time after which a private sale would be conducted.

When a creditor repossesses chattels and resells them in a manner not consistent with the code it is his responsibility to prove the sale was commercially reasonable before he is entitled to a deficiency judgment *Harper* v. *Wheatley*, 278 Ark. 27, 643 S.W.2d 537 (1982). *See also Universal C.I.T.* v. *Rone*, 248 Ark. 665, 453 S.W.2d 37 (1970). We remanded *Harper* to the trial court for a determination of commercial

reasonableness because such proof was disallowed at trial. The matter of lack of notice was not decided in *Harper*.

When a creditor repossesses chattels and sells them without sending the debtor notice as to the time and date of sale, or as to a date after which the collateral will be sold, he is not entitled to a deficiency judgment, unless the debtor has specifically waived his rights to such notice. In the case before us no notice was sent as defined by Ark. Stat. Ann. § 85-1-201 (38) (Supp. 1981), and no waiver by the debtor was proven. Under the circumstances the creditor is not entitled to a deficiency judgment. The decision of the trial court is reversed and the case is dismissed.