FIRST STATE BANK OF MORRILTON, ARKANSAS
*v.* Edith HALLETT

86-119                                    722 S.W.2d 555

Supreme Court of Arkansas
Opinion delivered January 20, 1987
[Rehearing denied February 16, 1987.*]

*Hays and Glaze, JJ., dissent.

38

*Loh, Massey & Yates, Ltd.*, by: *Howard C. Yates*, for appellant.

*Gordon & Gordon, P.A.*, by: *Ben Caruth*, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, First State Bank (FSB), concedes it failed to give the appellee, Edith Hallett, proper notice before it sold her collateral which it repossessed when she defaulted on a promissory note. FSB nevertheless sought a deficiency judgment against Hallett for the balance owed on the note. The trial court granted Hallett's motion for summary judgment, dismissing the FSB claim. The issue on appeal is whether the failure of FSB as a secured party, to give proper notice to debtor Hallett of the time and place of the sale of repossessed collateral, as required by Ark. Stat. Ann. § 85-9-504(3) (Supp. 1985), absolutely bars FSB's right to a deficiency judgment. We hold that it does and affirm the trial court. Jurisdiction in this court is pursuant to Sup. Ct. R. 29(1)(c).

Hallett gave FSB a promissory note in the amount of $11,342.90, secured in part by a security interest in a 1983 pickup truck. Hallett defaulted. FSB repossessed the truck and sold it without written notice to Hallett of the sale date. A deficiency of $4,057.40 remained on the note. The trial court granted Hallett's motion for summary judgment because FSB had not complied with § 85-9-504(3)'s guidelines for the disposition of repossessed collateral. That section states in pertinent part:

Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

The trial court's ruling complies with our most recent decision, *Rhodes* v. *Oaklawn Bank*, 279 Ark. 51, 648 S.W.2d 470 (1983). In *Rhodes*, we reversed a deficiency judgment in favor of the secured party, and held:

When a creditor repossesses chattels and sells them without sending the debtor notice as to the time and date of sale, or as to a date after which the collateral will be sold, he is not entitled to a deficiency judgment, unless the debtor has specifically waived his rights to such notice.

FSB does not attempt to distinguish *Rhodes*, but rather argues that it should be overruled in favor of an earlier line of cases which took a different approach to this issue. Those cases did not bar a deficiency judgment altogether, but instead "indulg[ed] the presumption in the first instance that the collateral was worth at least the amount of the debt, thereby shifting to the creditor the burden of proving the amount that should reasonably have been obtained through a sale conducted according to law." *Norton* v. *Nat'l Bank of Commerce*, 240 Ark. 143, 398 S.W.2d 538 (1966). *See also, Universal C.I.T. Credit Co.* v. *Rone*, 248 Ark. 665, 453 S.W.2d 37 (1970); *Carter* v. *Ryburn Ford Sales, Inc.*, 248 Ark. 236, 451 S.W.2d 199 (1970) and *Barker* v. *Horn*, 245 Ark. 315, 432 S.W.2d 21 (1968). We think *Rhodes* represents the right approach and, although it did not expressly

overrule these cases, its effect was to change our law.

■ Creditors are given the right to a deficiency judgment by Ark. Stat. Ann. § 85-9-502(2) (Supp. 1985): "If the security agreement secures an indebtedness, the secured party must account to the debtor for any surplus, and unless otherwise agreed, the debtor is liable for any deficiency." As stated, § 85-9-504(3) requires the creditor to send reasonable notification to the debtor before he disposes of this type of collateral. If the creditor does not dispose of the collateral in accordance with the code provisions, Ark. Stat. Ann. § 85-9-507 (Supp. 1985) gives the debtor "a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part [§§ 85-9-501—507]."

■ There is a split of authority nationwide on the correlation of these provisions of the code. A group of cases follows the position that § 85-9-507 gives the debtor a defense to a deficiency judgment when the creditor has failed to give proper notice, and that the deficiency judgment is reduced by the damages the debtor can prove. *See Grant County Tractor Co.* v. *Nuss*, 6 Wash. App. 866, 496 P.2d 966 (1972). Our previous cases, as represented by *Norton, supra*, followed this approach with the presumption in favor of the debtor that the collateral and the debt were equal and the burden placed on the creditor to prove a deficiency. The apparent majority position, however, with which we concur, is that § 85-9-507 is not applicable to the creditor's action to recover a deficiency judgment, but is a separate affirmative action by the debtor to recover damages. The creditor's right to a deficiency judgment is not merely subject to whether the debtor has a right to damages under § 85-9-507, but instead depends on whether he has complied with the statutory requirements concerning disposition and notice.

This view was explained in *Atlas Thrift Co.* v. *Horan*, 27 Cal. App. 3d 999, 104 Cal. Rptr. 315 (1972), quoting *Leasco Data Processing Equip. Corp.* v. *Atlas Shirt Co.*, 66 Misc. 2d 1089, 323 N.Y.S. 2d 13 (1971):

> "The plaintiff's contention that a secured creditor's right to a deficiency judgment under the described circumstances is limited only by the remedies set forth in 9-507 seems to me a tenuous one indeed, apart from the fact that

no such effect was ever accorded the corresponding section in the Uniform Conditional Sales Act. . . .

"Preliminarily, it may be noted that Section 9-507 makes no direct allusion to the circumstances under which a right to a deficiency judgment may arise.

"More significant is the special nature of the language used: 'the debtor or any person entitled to notification . . . has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part.' If this were intended to authorize a defense to action for a deficiency judgment, it is hard to envisage language less apt to that purpose. The words used plainly contemplate an affirmative action to recover for a loss that has already been sustained — not a defense to an action for a deficiency. The distinction between an affirmative action and a defense is a familiar one, phrases that articulate the different concepts are familiar in the law, and it is unlikely that the experienced authors of the [Uniform Commercial Code] intended by the above language to provide a limited defense to an action for a deficiency judgment based on a sale that had violated the simple and flexible statutory procedure.

"It seems far more probable that this latter section has nothing whatever to do with defenses to an action for a deficiency, since it was never contemplated that a secured party could recover such a judgment after violating the statutory command as to notice."

■ The *Horan* court concluded: "The rule and requirement are simple. If the secured creditor wishes a deficiency judgment he must obey the law. If he does not obey the law, he may not have his deficiency judgment." *Accord, see* cases listed in "Disposition of Collateral — Required Notice," 59 A.L.R.3d 401, § 3 (1974 and Supp. 1986).

■■ When the code provisions have delineated the guidelines and procedures governing statutorily created liability, then those requirements must be consistently adhered to when that liability is determined. *First State Bank* v. *Twin City Bank*, 290 Ark. 399, 720 S.W.2d 295 (1986). Here, FSB failed to comply

with the code's procedures for disposition of collateral, and is therefore not entitled to a deficiency judgment under the code.

Affirmed.

HAYS, NEWBERN, and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. The majority court decision overrules *Norton* v. *National Bank of Commerce*, 240 Ark. 143, 398 S.W.2d 538 (1966) and its progeny as those cases have interpreted and applied Arkansas's Uniform Commercial Code §§ 85-9-504 and 9-507 during the past twenty years. Because I believe the rule established in *Norton* to be a fair one and the one adopted in this cause to be punitive, I am obliged to dissent.

Unlike the court's holding here, the *Norton* court rejected the debtor's contention that the bank's failure to give him notice of the intended sale completely discharged his obligation. Instead, that court, Justice George Rose Smith writing, held that, because the bank disposed of the debtor's car without notice, the just solution is:

> to indulge the presumption in the first instance that the collateral was worth at least the amount of the debt, thereby shifting to the creditor the burden of proving the amount that should reasonably have been obtained through a sale conducted according to law.

*Id.* at 150.

As one can readily see, our court in *Norton* wrestled with the same situation as presented in the instant case, and it derived a most workable and equitable solution which was designed to treat both debtors and creditors fairly. Frankly, I am unaware of any serious problems or criticisms that have arisen in the application of the *Norton* rule, especially that would demand or warrant this court's changing the "rules-of-the-game" at this late date. The rule this court adopts today is a drastic and punitive one, and no public policy argument has been offered to support it.

Finally, I note the majority court seems to premise its holding, in part, on the California case of *Atlas Thrift Co.* v. *Horan*, 27 Cal. App. 3d 999, 104 Cal. Rptr. 315 (1972) which, in turn, quotes from *Leasco Data Processing Equip. Corp.* v. *Atlas Shirt Co.*, 66 Misc.2d 1089, 323 N.Y.S.2d 13 (1971). While

California may have adopted the same "no notice-no deficiency" rule now embraced by this court, the New York courts have since overruled the *Atlas Shirt Co.* case, thereby rejecting that punitive rule. The New York courts, I might add, have adopted Arkansas's rule as set out in *Norton. See Leasco Computer* v. *Sheridan Industries*, 82 Misc.2d 897, 371 N.Y.S.2d 531 (1975) and *Security Trust Co. of Rochester* v. *Thomas*, 59 A.D.2d 242, 399 N.Y.S.2d 511 (1977) (citing *Universal C.I.T. Credit Co.* v. *Rone*, 248 Ark. 665, 453 S.W.2d 37 (1970)).

I would reverse.

HAYS and NEWBERN, JJ., join in this dissent.