George M. ANGLIN and Tammy R. Anglin
*v.* CHRYSLER CREDIT CORPORATION

CA 88-374 · 768 S.W.2d 44

Court of Appeals of Arkansas
Division I
Opinion delivered April 19, 1989

*Swindell & Bradley*, by: *Benny E. Swindell*, for appellant.

*Faber D. Jenkins*, for appellee.

JAMES R. COOPER, Judge. The appellants, Tammy Anglin and George Anglin, appeal from an order of the circuit court of Johnson County granting a deficiency judgment against them of $2,832.93 plus interest and court costs. The appellants contend

that, because the notice of the sale that was sent to them did not adhere to the provisions of the Uniform Commercial Code, the appellee was not entitled to a deficiency judgment. We find no error and affirm.

In 1984, the appellants purchased a pickup truck from Casey Motor Company, Inc., by a retail installment contract which was later assigned to the appellee, Chrysler Credit Corporation. After the appellants defaulted on their payments, the truck was repossessed by the appellee. Notice that the truck would be sold by a private sale beginning August 25, 1986, was sent to and received by the appellants. The notice erroneously specified that the truck would be sold by the dealer, Casey Motor Company, but at the time the notice was sent, Casey Motor Company was no longer in business and the truck was sold by the appellee.

Kent Bradford, employee of the appellee, testified that, at the time the notice was sent, Casey Motor Company had ceased operation and the appellee was the only party who could sell the repossessed truck. He stated that the appellee was not accustomed to the dealer not being in business and mistakenly checked the box on the notice form which indicated the dealer would sell the vehicle. Bradford also testified that four bids were taken for the truck and it was sold to the highest bidder for $2,200.00. After applying the sale proceeds to the balance owed, there remained a deficiency of $2,832.93.

Appellant George Anglin testified that, after receiving notice of the sale, he went to Casey Motor Company to talk to them about the truck but discovered they were no longer in business. He admitted that he did not attempt to contact the person who sent the notice or take any other action to contact someone regarding the vehicle.

The appellants do not contend that they did not receive notice. They argue the notice they received was inadequate because it stated the truck would be sold by the dealer, Casey Motor Company. They rely on *First State Bank of Morrilton* v. *Hallett*, 291 Ark. 37, 722 S.W.2d 555 (1987), for the proposition that, when a creditor repossesses collateral without sending the debtors the proper notice as required by the Uniform Commercial Code, the creditor is not entitled to a deficiency judgment.

We do not agree that the notice in the case at bar failed to meet the requirements of the Uniform Commercial Code. That section of the Code is codified at Ark. Code Ann. Section 4-9-504(3) (1987), which provides in part:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

Here, the notice stated that the truck would be sold at private sale and the time after which the sale would take place. The notice was sent by the secured party, the appellee, as required by this section, and bore the appellee's address, phone number, and the name and signature of its customer services supervisor. While the Code requires that, when disposition is to be made by public sale, notice of the place of the sale must be given to the debtors, no such requirement exists for disposition by private sale. In their treatise, *Uniform Commercial Code*, James White and Robert Summers note that:

> [N]otice of a public sale must contain different information from that announcing an intent to sell privately. In the latter case, the notice need only state "the time after which" the collateral is to be sold; in the case of a public sale, it must state "the time and place" at which the sale will occur.

J. White & R. Summers, *Uniform Commercial Code*, Section 26-10, at 1113 (2d ed. 1980). The distinction between private sale and public sale was also recognized by the Arkansas Supreme Court in *Barker* v. *Horn*, 245 Ark. 315, 316, 432 S.W.2d 21, 22 (1968), where the court stated that, although the statute requires notice of the time and place of public sale, only reasonable notification of the time after which a private sale will be made is required.

"When the code provisions have delineated the guidelines and procedures governing statutorily created liability, then

those requirements must be consistently adhered to when that liability is determined." *First Nat'l Bank* v. *Hess*, 23 Ark. App. 129, 134, 743 S.W.2d 825, 827 (1988) (quoting *First State Bank* v. *Hallett*, 291 Ark. at 41, 722 S.W.2d at 557). There is no evidence here that the appellee did not adhere to the notice requirements of the Uniform Commercial Code. The appellant's argument is therefore without merit, and we affirm.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.