BANK OF DOVER *v.* Randy SHIPLEY, Betty J. Shipley Martin, A.D. Shipley, and Kathryn Bewley

89-148                                        773 S.W.2d 825

Supreme Court of Arkansas
Opinion delivered July 10, 1989

*Young & Finley*, by: *James K. Young*, for appellant.

*Dennis C. Sutterfield*, for appellee Randy Shipley.

*Jon R. Sanford*, for appellee A.D. Shipley.

ROBERT H. DUDLEY, Justice. The issue in this Uniform Commercial Code case is whether the appellant, the Bank of Dover, is entitled to a deficiency judgment on a note. The trial court ruled that the bank was barred from obtaining a deficiency judgment under the Code. The trial court ruled correctly and, accordingly, we affirm.

Appellees, Randy and Betty Shipley, borrowed money from the appellant bank in order to start a video rental business. As collateral for the loan, they gave appellant a second mortgage on their house and signed a security agreement covering the inventory of the video rental business. The promissory note in the amount of $14,823.11, was co-signed by Kathryn Bewley, Betty Shipley's mother. At a later date, after Randy and Betty Shipley divorced, the note was renegotiated, and Randy Shipley's father, A.D. Shipley, co-signed the note. The appellees made several payments on the note, but eventually defaulted. Shortly thereafter, they surrendered the personal property to the bank.

Later, the bank filed a petition for foreclosure. The petition named Randy Shipley, Betty Shipley Martin, Kathryn Bewley, and A.D. Shipley as defendants. The petition stated the balance due on the note was $12,857.70, and asked the court to order a sale of the real property. The petition mentioned the property covered by the security agreement, and the security agreement was attached to the petition. However, the petition did not ask for the sale of the personal property in addition to the real property. Several cross-claims were filed by various defendants/appellees contesting their liability on the note.

The court ordered the sale of the "premises" securing the note, and specifically retained jurisdiction of the case in order to

determine the liability of each of the appellees in the event of a deficiency after the sale. Personal property was not mentioned. The sale was held on May 11, 1988. On May 13, 1988, the court entered its order confirming the sale of the real estate. Again, personal property was not mentioned. The real property was sold for $4,000, which resulted in a deficiency judgment of $10,565.22 in favor of the bank.The court again retained jurisdiction of the case to determine the liability of the various appellees for the deficiency.

Next, the bank sent a letter to the appellees, informing them that it had received bids on some of the personal property securing the note, and asking them what they wanted to do about it. When the bank received no response after two weeks, it proceeded to sell the personal property. The bank then filed a motion with the court, stating that it had sold some of the personal property securing the note for $425 and had applied that amount to the deficiency judgment owed it by the appellees. The bank asked the court to proceed with the final hearing to determine the liability of the various appellees for the deficiency judgment. Following the sale of the personal property, the appellees contended that the bank had forfeited its right to a deficiency judgment by failing to give them notice of the sale of personal property, as required by the Code.

The trial court ruled that the bank was barred from obtaining a deficiency judgment because of its failure to comply with the notice requirements of the Code before conducting a sale of personal property under the Code. The bank now appeals from the trial court's order denying it a deficiency judgment on the note.

■■ The trial court's ruling was correct. The appellees had surrendered control of the personal property to the bank before the bank filed its foreclosure petition. The bank had the option of foreclosing on the personal property, as it did on real property, or of utilizing the self-help remedies of the Uniform Commercial Code. Since the bank did not choose to sell the personal property through a judicial sale, but, nevertheless, sold the personal property, it necessarily chose to proceed under the self-help provisions of the Code. That choice imposed several requirements on the bank with regard to the sale of the personal

property. *See* Ark. Code Ann. § 4-9-504 (1987). One of these requirements is notice of the sale to the debtor. Ark. Code Ann. § 4-9-504(3) provides in pertinent part:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

The bank failed to provide the appellees with this notice prior to selling the personal property in this case. We have held on several occasions that a creditor's failure to provide a debtor with this notice bars the creditor's right to recover a deficiency judgment. *See Hallmark Cards, Inc.* v. *Peevy,* 293 Ark. 594, 739 S.W.2d 691 (1987); *First State Bank of Morrilton* v. *Hallett,* 291 Ark. 37, 722 S.W.2d 555 (1987). Accordingly, the bank's failure to provide notice to the appellees, prior to the sale of the personal property, barred its right to a deficiency judgment.

Affirmed.

NEWBERN, J., not participating.

GLAZE, J., concurs.

HAYS, J., dissents and would reverse, *see* dissenting opinion in *First State Bank of Morrilton* v. *Hallett,* 291 Ark. 37, 722 S.W.2d 555 (1987).