Lennie R. MILLER *v.* FIRST NATIONAL BANK of
Eastern Arkansas

CA 89-285                                        780 S.W.2d 589

Court of Appeals of Arkansas
Division I
Opinion delivered December 6, 1989

*Victor L. Hill*, East Arkansas Legal Services, for appellant.

*Butler, Hicky & Long*, by: *Philip Hicky II*, for appellee.

MELVIN MAYFIELD, Judge. Lennie R. Miller appeals a judgment of the St. Francis County Circuit Court. He contends that the circuit judge erred in awarding a deficiency judgment to appellee, First National Bank of Eastern Arkansas, because the notice provided by appellee of the repossession and sale of the

collateral was defective and because Lennie C. Miller, who also signed the promissory note, was not provided with notice of the repossession and sale. Because the notice sent to appellant was not in compliance with the requirements of Ark. Code Ann. Section 4-9-504(3) (1987), we reverse.

On May 8, 1984, appellant financed the purchase of an automobile with a loan from appellee in the amount of $4,291.00. Appellant and his father, Lennie C. Miller, signed the promissory note. At the time the loan was made, appellant gave Route 1, Box 28C7, Colt, Arkansas, as his address. Appellant defaulted in his payments, and the automobile was repossessed. On October 9, 1985, appellee sent the following notice to appellant at 307 North Chicago, Brinkley, Arkansas:

> This is to notify you that we will offer at private sale on or after 10:00 o'clock A.M. *October 24, 1985, at First National Bank of Eastern Arkansas 101 N. Washington, Forrest City, Ar.* the collateral referred to in the Security Agreement between you, and ourselves, which collateral has been repossessed by us, and is briefly described below.

> You may redeem said collateral at any time before we dispose of it, by paying the balance owing to us, including cost of repossession, storing and preparing for sale, if any, as provided in said Security Agreement.

> The collateral is now stored at *625 W. Broadway, Forrest City, Ar.*, and consists of *1 - 1980 Chev. Monte Carlo, VIN 1Z373AK420348.*

The notice was sent by certified mail, return receipt requested, and was returned to appellee, "Addressee unknown." No notice was sent to Lennie C. Miller.

The automobile was transported to Memphis, Tennessee, on October 24, 1985, for public auction. Before the auction, an advertisement was published in *The Commercial Appeal*, a Memphis newspaper, which stated:

## BANK REPO SALE
## NOVEMBER 1, 1985—10 A.M.

### 1312 THOMAS ST.

PUBLIC AUCTION—These vehicles must be sold as is to the highest bidder. Open to general public and all dealers. Clear title guaranteed by bank.

TERMS: Cash, Cashier's Check or Bank Reference Letter

**************************

| | |
|---|---|
| '85 Ford LTD | '84 Mercury Lynx |
| '85 Ford Escort | '85 Nissan Pulsar |
| '85 Ford 150 Pick Up | '85 Nissan Stanza |
| '85 Mercury Marquis | '85 Pontiac Sunbird |
| '85 Lincoln Town Car | '84 Mercury Cougar |

More Than 84 Cars & Trucks To Be Sold

Sale Conducted by Licensed Auctioneers

**Phone For Information, 523-6615**

The car was sold for $550.00 on November 1, 1985, and appellee sued appellant and Lennie C. Miller for the deficiency. At the time of trial, the outstanding deficiency on the debt was $4,410.51.

At trial, appellant testified that, a few days prior to the repossession, his house on Chicago Street burned down and he moved in with his parents.

Sam Woolridge, appellee's assistant cashier and loan officer, testified that appellant's North Chicago address in Brinkley was obtained from appellant or his father and was, at the time the notice was sent, the last known address of appellant. Woolridge admitted that appellee did not send a notice to Lennie C. Miller, although Woolridge knew his address. Woolridge also admitted that, although the notice indicated that the car would be offered at private sale, it was ultimately sold at public auction.

The circuit judge awarded appellee a deficiency judgment in

the amount of $4,410.51, plus interest, costs and attorney's fees. He dismissed appellee's complaint as to Lennie C. Miller because appellee did not give him notice of the sale of the collateral.

On appeal, appellant asserts that (1) the circuit judge erred in awarding the deficiency judgment to appellee because the notice sent to appellant did not state the time and place of the sale and because it was sent to an incorrect address and (2) that appellee's failure to send notice to Lennie C. Miller forecloses appellee's right to obtain a deficiency judgment against appellant.

Arkansas Code Annotated Section 4-9-504(3) (1987) provides in pertinent part:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

See also Anglin v. Chrysler Credit Corp., 27 Ark. App. 173, 175, 768 S.W.2d 44, 45 (1989). In the case at bar, there was no evidence that appellant signed after default a statement renouncing or modifying his right to notification of sale.

In their treatise, Uniform Commercial Code, James White and Robert Summers note that:

> For a private sale of collateral that is neither perishable nor threatens to decline speedily in value, nor is customarily sold on a recognized market, the creditor must inform the debtor of "the time after which any private sale or other intended disposition is to be made * * *." For such public sales, 9-504 requires different information: "the time and place of any public sale * * *."

J. White & R. Summers, Uniform Commercial Code Section 27-12, at 600 (3d ed. 1988). The distinction between private sale and public sale was recognized by the Arkansas Supreme Court in Barker v. Horn, 245 Ark. 315, 316, 432 S.W.2d 21, 22 (1968),

where the court stated that, although the statute requires notice of the time and place of public sale, only reasonable notification of the time after which a private sale will be made is required. In *Womack* v. *First State Bank of Calico Rock*, 21 Ark. App. 33, 728 S.W.2d 194 (1987), we stated, "[i]t seems to be generally understood that when the debtor was not given written notice of the time and place of the sale, the sale was not conducted according to the provisions of the Code." 21 Ark. App. at 39, 728 S.W.2d at 197.

In the treatise, *Uniform Commercial Code*, the authors state that:

> Before the creditor can sell or otherwise dispose of the collateral, 9-504(3) requires the creditor to send notice to the debtor.

> The purpose of notice is to give the debtor an opportunity either to discharge the debt and redeem the collateral, to produce another purchaser or to see that the sale is conducted in a commercially reasonable manner. [*Buran Equip. Co.* v. *H & C Investment Co.*, 142 Cal. App. 3d 338, 190 Cal. Rptr. 878, 881 (1983).]

> Cases involving notice issues should be resolved with these three purposes in mind.

J. White & R. Summers, *Uniform Commercial Code* Section 27-12, at 598 (3d ed. 1988).

"Send" is defined in Ark. Code Ann. Section 4-1-201(38) (1987) as follows:

> "Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending.

Arkansas Code Annotated Section 4-1-201(26) (1987) states that a person "notifies" or "gives" notice by:

> taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person "receives" a notice or notification when:
>
> (a) It comes to his attention; or
>
> (b) It is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications.

In *First State Bank of Morrilton* v. *Hallett*, 291 Ark. 37, 41-42, 722 S.W.2d 555, 556-57 (1987), the supreme court ruled that, when a creditor repossesses collateral and sells it without sending proper notice to the debtor as required by the Uniform Commercial Code, the creditor is not entitled to a deficiency judgment. "When the code provisions have delineated the guidelines and procedures governing statutorily created liability, then those requirements must be consistently adhered to when that liability is determined." *First State Bank of Morrilton,* 291 Ark. at 41, 722 S.W.2d at 557. "If the secured creditor wishes a deficiency judgment he must obey the law. If he does not obey the law, he may not have his deficiency judgment." *First State Bank of Morrilton,* 291 Ark. at 41, 722 S.W.2d at 557, quoting *Atlas Thrift Co.* v. *Horan,* 27 Cal. App. 3d 999, 104 Cal. Rptr. 315, 321 (1972).

We need not decide whether appellee's mailing of the notice to the Chicago Street address was sufficient compliance with the Uniform Commercial Code, because we hold that, even if appellant had actually received the notice, it would have been deficient.

> Even if the secured party's notice to the debtor contains information relating to all the items that the Code and courts require, that information may be incorrect. The Code has no provision addressed to this issue except that 9-504 says that notice must be "commercially reasonable." The most common example is a notice that leads the debtor to believe the creditor plans one type of sale (private or public), but the creditor subsequently holds the other type.

> Courts generally hold that such a notice does not satisfy 9-504(3).

J. White & R. Summers, *Uniform Commercial Code* Section 27-12, at 601 (3d ed. 1988). It was not disputed at trial that the disposition of the collateral in question was by public sale. The notice sent by appellee, however, simply stated that the automobile would be offered at private sale on or after 10:00 a.m., October 24, 1985; it did not provide appellant with the time or the place of the sale. This notice was clearly not in compliance with the requirements of Ark. Code Ann. Section 4-9-504(3) (1987), and appellee is therefore barred from obtaining a deficiency judgment against appellant. *Accord First State Bank of Morrilton, supra*, 291 Ark. at 41-42, 722 S.W.2d at 556-57.

▪ We point out, however, that we do not agree with appellant's argument that appellee's failure to send notice to Lennie C. Miller bars its right to obtain a deficiency judgment against appellant. Indeed, none of the cases cited by appellant support his argument; they hold that a secured party who has failed to comply with the requirement that a guarantor be notified of the sale of collateral may not recover a deficiency judgment against *him. See Hallmark Cards, Inc.* v. *Peevy*, 293 Ark. 594, 598, 739 S.W.2d 691, 694 (1987); *First Nat'l Bank of Wynne* v. *Hess*, 23 Ark. App. 129, 134-35, 743 S.W.2d 825, 827 (1988).

Reversed.

CRACRAFT and JENNINGS, JJ., agree.