Warren HENRY *v.* W. H. TRICKEY, d/b/a
CENTRAL ARKANSAS TRACTOR SERVICE

CA 82-405                                   653 S.W.2d 138

Court of Appeals of Arkansas
Opinion delivered June 22, 1983

*Lance L. Hanshaw,* for appellant.

*James O. Burnett,* for appellee.

TOM GLAZE, Judge. This case involves the appellee's repossession and disposal of a combine he previously had sold to appellant, who defaulted on his payments. The ultimate question to be decided is whether the appellee, a secured party, complied with Uniform Commercial Code §§ 85-9-504 and 85-9-507 in disposing of the combine. After he sold the repossessed combine, appellee filed suit against appellant for the claimed deficiency owed under the parties' original agreement. Appellant answered, denying appellee's claim and affirmatively alleging that the combine was not sold in a commercially reasonable manner. Specifically, appellant alleged that instead of reselling the combine immediately upon repossessing it, appellee loaned parts off the combine to other customers. Appellant claimed that he was relieved of any indebtedness because of appellee's actions even though appellee eventually resold the combine. The trial court gave appellee a deficiency judgment for the amount of appellant's indebtedness, giving him credit for the proceeds received from the sale of the combine; it also deducted one annual installment payment from the indebtedness, which represented the period of time during which appellee loaned parts off the combine to other customers.

To determine the correctness of the deficiency judgment awarded appellee, we first review whether he established his

right to it in accordance with applicable Code provisions and case authority. Appellee's right to a deficiency judgment is provided for by Ark. Stat. Ann. § 85-9-504 (2) (Supp. 1981). In seeking a deficiency judgment, the secured creditor must establish the amount to which he is entitled. *See Universal C.I.T.* v. *Rone,* 248 Ark. 665, 453 S.W.2d 37 (1970). It is only when the sale is conducted according to the requirements of the Code that the amount received or bid at a sale of collateral is evidence of its true value in an action to recover a deficiency. *Universal C.I.T.* v. *Rone, supra.* When the debtor defends upon the ground that the secured creditor did not proceed in accordance with the provisions of the Code, the creditor has the burden of proving that he proceeded in a commercially reasonable manner. *Farmers Equipment Co.* v. *Miller,* 252 Ark. 1092, 482 S.W.2d 805 (1972). Whether a sale of collateral was conducted in a commercially reasonable manner is essentially a factual question. *United States* v. *Conrad Publishing Co.,* 589 F.2d 949 (8th Cir. 1978). If a secured creditor sells the collateral in a commercially unreasonable manner, a presumption arises that the value of the collateral is equal to the outstanding debt; however, the secured party can still recover a deficiency upon proving that the reasonable value of the collateral was less than the debt. *See United States* v. *Conrad Publishing Co., supra; Barker* v. *Horn,* 245 Ark. 315, 432 S.W.2d 21 (1968); *Norton* v. *National Bank of Commerce,* 240 Ark. 143, 398 S.W.2d 538 (1966); and J. White & R. Summers, *Uniform Commercial Code* (2d ed. 1980).

In the instant case, the events leading to appellee's sale of the collateral (combine) are not in dispute. On October 19, 1976, appellant purchased the combine from appellee, paying $11,000 down against the $38,750 sale price. After complaining about repair problems with the combine and defaulting in his payments, appellant returned the equipment to appellee, who agreed to resell it. The parties disagreed concerning the return date, but the trial court found the combine was returned on or before January 1, 1977. To sell the equipment, appellee notified other dealers of the repossessed combine instead of advertising or displaying it at auctions. The combine remained on appellee's business lot until it was sold through a dealer on September

11, 1979, for $18,000. Until this sale, appellee said that he had received (and rejected) one offer between $13,000 and $15,000 for the machine. During the period appellee held the equipment for resale, he loaned its motor to a customer. The customer used the motor during harvesting season.

As noted earlier, the trial court awarded appellee a deficiency judgment; but, in doing so, it found the combine was not a salable item during the approximate one-year period that the engine was out of the equipment and on loan to appellee's customer. In other respects, the court found the sale held on September 11, 1979, met Code requirements. However, because appellee caused the equipment to be unsalable for a year, the trial court credited an annual payment against appellant's deficiency. This was error. Once the court properly determined the sale was not commercially reasonable, the legal presumption arose that the combine was worth the amount of the debt, *viz.*, $27,000. Consequently, appellee was entitled to a deficiency judgment only if he proved the reasonable value of the combine was less than $27,000. Appellee simply failed to do so. In fact, appellee offered no opinion or other evidence pertaining to the combine's reasonable value. The only testimony given by appellee was that he had had a single offer of between $13,000 and $15,000 for the equipment, and a year later, he sold it for $18,000. Such testimony in no way established the value of the combine or the amount it should have brought. *See Barker* v. *Horn, supra.* Accordingly, we reverse the trial court's judgment and remand this cause to be dismissed.

Reversed and remanded.