Brenda MOONEY *v.* GRANT COUNTY BANK

CA 85-526                                        711 S.W.2d 841

Court of Appeals of Arkansas
En Banc
Opinion delivered July 9, 1986

*Legal Services of Arkansas*, by: *Steve Uhrynowycz*, for appellant.

*Boswell, Tucker & Smith*, by: *W. Lee Tucker*, for appellee.

LAWSON CLONINGER, Judge. Brenda Mooney, appellant, appeals from a deficiency judgment entered in favor of appellee, Grant County Bank. Appellant contends that the trial court erred in finding that she received proper notice of the disposition of her collateral and in awarding appellee a deficiency judgment. We agree with appellant and we reverse and remand.

On August 30, 1983, appellant executed a note to appellee for $2,797.92. This note was secured by a security interest in a 1979 Ford Courier pickup truck. Appellant defaulted on the note and voluntarily surrendered the truck to appellee. On September 5, 1984, appellee mailed notice of the sale of the truck pursuant to Ark. Stat. Ann. § 85-9-504(3) (Supp. 1985), but it was addressed to appellant's husband, who was not a signatory to the note. The notice was sent by registered mail, and appellant signed for its receipt on September 18, 1984, the day before the truck was sold at auction. The collateral was sold for $450.00, and a deficiency of $1,746.48 remained on the note.

Appellee then brought this action to recover a deficiency

judgment. Appellant defended on the ground that notice of the sale of the truck was not sent to her as required by § 85-9-504(3); therefore, the sale of the collateral was not commercially reasonable, and the appellee was not entitled to a deficiency judgment. The trial court held that, because notice of the sale of the truck came to appellant's attention, appellee was entitled to a deficiency judgment.

For her appeal, appellant contends that the trial court's finding that notice was properly sent and that appellee was therefore entitled to a deficiency judgment is clearly erroneous. We agree.

Ark. Stat. Ann. § 85-9-504(3) (Supp. 1985) requires that reasonable notification of the time and place of any public sale, or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. Ark. Stat. Ann. § 85-1-201(38) (Supp. 1985) provides that "send," in connection with any writing or notice, means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed. Here, it is undisputed that notice was not sent to appellant but rather to her husband, who was not an obligor on the note and who had no interest in the truck.

In *Rhodes* v. *Oaklawn Bank*, 279 Ark. 51, 648 S.W.2d 470 (1983), the court stated that § 85-9-504 requires more than knowledge of repossession or that the collateral would be eventually sold. A creditor must give notice to the debtor of the time and place of public sale or the time after which a private sale would be conducted. In *Rhodes*, the court held that the creditor was not entitled to a deficiency judgment because no notice was sent as required by § 85-1-201(38). In this case, the trial court found that appellant had notice of the intended sale of the truck because "[n]otice came to Brenda Mooney's attention." There is no evidence in the record, however, to support this finding. Although appellant did sign for receipt of the registered letter addressed to her husband, there is no evidence that she read its contents or had knowledge thereof, nor is there any evidence that she saw the notice published in the newspapers. Therefore, the

court should have found that appellee did not proceed in a commercially reasonable manner in disposing of the truck, because it failed to send notice to appellant as required by § 85-9-504(3).

■■ The failure to give notice required by § 85-9-504 does not constitute an absolute defense to an action for deficiency judgment. *Universal C.I.T. Credit Co.* v. *Rone*, 248 Ark. 665, 453 S.W.2d 37 (1970). However, when the sale of repossessed collateral is not sold in a commercially reasonable manner, a presumption arises that the collateral is equal to the amount of the outstanding debt; consequently, the creditor is entitled to a deficiency judgment only if it proves the reasonable value of the collateral was less than the amount of the debt. *Henry* v. *Trickey*, 9 Ark. App. 47, 653 S.W.2d 138 (1983).

■ At trial, there was no evidence introduced as to the value of the truck when it was repossessed. Appellee's employee testified about the condition of the truck and the amount received for it at auction, but there was no testimony as to the truck's value. Appellee, therefore, failed to rebut the presumption that the value of the truck was equal to the amount of the outstanding debt and was not entitled to a deficiency judgment.

■ On appeal, the evidence is reviewed in the light most favorable to appellee, and the trial court's findings are sustained unless they are clearly against a preponderance of the evidence. *First State Bank of Crossett* v. *Phillips*, 13 Ark. App. 157, 681 S.W.2d 408 (1984); ARCP Rule 52(a). From our review, we conclude that there is no evidence to support the trial court's finding that notice came to appellant's attention nor do we find that appellee complied with the provisions of § 85-9-504(3).

Reversed and remanded with directions to the trial court to dismiss the action.

CORBIN, J., dissents.

DONALD L. CORBIN, Judge, dissenting. I respectfully dissent. Ark. Stat. Ann. Section 85-9-504(3) (Supp. 1985) provides that reasonable notification must be sent to the debtor, and Ark.

Stat. Ann. Section 85-1-201(26) (Supp. 1985) provides that a person gives notice to another by taking such steps as may be reasonably required to inform the other in ordinary course. The real issue before us then is whether appellee took reasonable steps to give notice to appellant. Here, appellee mailed the notice by certified mail to appellant's home address as it appeared on the loan document, and it was received at the home of appellant as evidenced by her signature on the return receipt. I would infer and impute notice to her. *See Chase Manhattan Bank, N.A.* v. *Natarelli*, 93 Misc.2d 78, 401 N.Y.S.2d 404 (Dec. 14, 1977), which held that notice of the sale sufficient to satisfy 9-504(3) had to be inferred and imputed to debtor-wife despite creditor's failure to actually send personal notice direct to her where she was an officer in debtor corporation, and wife of the corporation's president and was at all times represented by the same legal counsel as they were, and the husband and legal counsel had actual notice of the sale.