G.W. CLARK *v.* FIRST NATIONAL BANK of Mena

CA 87-380                                          748 S.W.2d 42

Court of Appeals of Arkansas
Division I
Opinion delivered April 13, 1988

*Jerry Ryan*, for appellant.

*Orvin W. Foster*, for appellee.

GEORGE K. CRACRAFT, Judge. G. W. Clark appeals from an order of the circuit court granting a deficiency judgment against him under the Uniform Commercial Code. He contends that the trial court erred in not dismissing the complaint because he had not received reasonable notice from the secured party of the resale of repossessed collateral. We find no error and affirm.

In 1985, the appellant entered into security agreements with the appellee with regard to the unpaid balance due on two Kenworth trucks. He subsequently became in default on the notes secured by those agreements, and, on September 13, 1985, the appellee mailed to appellant's address a certified letter with return receipt requested, notifying him that, if the indebtedness had not been paid in full, within ten days from the date of that letter, the trucks would be sold to satisfy the debt. After the expiration of ten days, the appellee resold the trucks at a price which was less than the balance due on the secured notes and filed suit for a deficiency judgment in the amount of $23,398.58 against the appellant.

Appellee's vice president testified that the notice had been sent to the appellant by certified mail with return receipt

requested, and that a return receipt had been received signed by appellant's wife. Appellant testified that after the note was in default he was in communication with the bank with regard to a possible settlement under which someone else might assume the indebtedness. He stated that he was informed that the trucks had been repossessed, but that he heard nothing else from the appellee until after the resale had taken place. He testified that his wife had signed for the letter but that he did not read it because he had thought everything was settled.

■ Appellant does not contend that the notice mailed to his home was inadequate. He argues only that it was received by his wife and he never saw it. We do not agree that under these facts appellee failed to meet the requirements of Ark. Stat. Ann. § 85-9-504(3) (Supp. 1985). That section provides that disposition of the collateral may be made at public or private sale in a commercially reasonable manner, after reasonable notice of the time and place of the sale if public, or the time after which a private sale or any other intended disposition will be made, is *sent* by the secured party to the debtor.

■ Arkansas Statutes Annotated § 85-1-201(38) (Supp. 1985) provides as follows:

> "Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending.

Section 85-1-201(26) (Repl. 1985) provides that one receives a notice when it either comes to his attention or is duly delivered at the place of business through which the contract was made or at any other place held out by him as a place for receipt of such communications. Here, the evidence establishes that the notice was sent by mailing it with proper postage affixed and was received by appellant's wife. There is no evidence that the place at which she received it was not the place at which such communications might have been received.

The appellant contends that reversal is mandated by our opinion in *Mooney* v. *Grant County Bank*, 18 Ark. App. 224, 711 S.W.2d 841 (1986). This case is clearly distinguishable. In *Mooney*, the letter was not "sent" to the debtor but addressed to the debtor's spouse, who was not a party to the security agreement. We held in *Mooney* that the requirements of § 85-1-201(38) were not complied with when the notice was sent to the wrong person. Here, the notice was sent to the appellant and received at his usual place of abode.

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.