Rucker A. HOLIMAN and Linda A. Holiman v.
HAGAN'S MOTORS, INC.

CA 90-44                                    796 S.W.2d 356

Court of Appeals of Arkansas
Division II
Opinion delivered October 10, 1990

*Young & Finley*, by: *Dale W. Finley*, for appellant.

*Mobley & Smith*, by: *William F. Smith*, for appellee.

JAMES R. COOPER, Judge. The appellants purchased an automobile from the appellee, stopped making payments, and returned it. The appellee gave notice of private sale, resold the automobile about eight months later for a price which exceeded the appellant's indebtedness, and brought an action against the appellants for a deficiency. The trial court entered a deficiency judgment for the appellee in the amount of $3,300.00. From that decision, comes this appeal.

For reversal, the appellants contend that the evidence was insufficient to support the trial court's finding of a deficiency. We

agree, and we reverse.

The record shows that the automobile was resold for a contract price in excess of the appellant's indebtedness, but the appellee claimed at trial that the new purchaser had been given an overallowance of $2,600.00 on a vehicle taken in trade, and that the total deficiency was $3,055.00. The appellee's witness testified that the trade-in vehicle was sold, but that he did not know the price for which the trade-in vehicle was sold.

We agree with the appellant's contention that the trial court erred in determining there was a deficiency. *Thrower* v. *Union Lincoln-Mercury, Inc.*, 282 Ark. 585, 670 S.W.2d 430 (1984), holds that surplus or deficiency should be computed on the basis of the fair market value of any trade-in vehicle together with cash received by the dealer, rather than on the basis of the trade-in allowance given by the dealer to the purchaser of the collateral.

The primary concern of both debtor and creditor is that every aspect of the disposition of the collateral be conducted in a commercially reasonable fashion, as required by Ark. Code Ann. § 4-9-504 (3) (1987). *See Thrower, supra.* Where the debtor is concerned over the price received for the trade-in or the collateral, he should challenge the aspect of the sale which he feels has made the disposition commercially unreasonable so as to result in an insufficient price. *Id.* The appellants did so in the case at bar by objecting to the appellee's failure to offer evidence proving the amount received for the sale of the vehicle taken in trade. The burden is on the secured party as the plaintiff to establish the deficiency, and if the secured party's handling of the disposition of the collateral is attacked, it has the burden of proving that every aspect of that disposition was commercially reasonable, including the value of the trade-in. *Id.*

In the case at bar, the appellee's finance manager testified that an overallowance of $2,600.00 was given on the trade-in vehicle. However, he also testified that he did not know how much was given on the trade-in, nor what the trade-in vehicle was sold for. We think it clear that the record contains no evidence of the fair market value of the trade-in vehicle, and we hold that the appellee therefore failed to prove that the disposition was commercially reasonable under Ark. Code Ann. § 4-9-

504(3). We reverse. Nevertheless, because there has been a simple failure of proof, we remand the case to allow the appellee an opportunity to supply the defect. Only where the record affirmatively shows that there can be no recovery on retrial should the case be dismissed. *Colonial Life & Accident Ins. Co.* v. *Whitley*, 10 Ark. App. 304, 664 S.W.2d 953 (1984). Here the record does not affirmatively show that there could be no recovery, or that the sale was conducted in a commercially unreasonable manner, *see generally Cheshire* v. *Walt Bennett Ford, Inc.*, 31 Ark. App. 90, 788 S.W.2d 490 (1990), and we therefore reverse and remand for a new trial.

Reversed and remanded.

MAYFIELD and ROGERS, JJ., agree.