**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FILED**

**February 4, 2000**

Cecil Crowson, Jr.
Appellate Court Clerk

E1999-01098-COA-R3-CV

| | | |
|---|---|---|
| RICHARD PALLMER JAHN, JR., | ) | C/A NO. 03A01-9903-CH-00097 |
| | ) | |
| Plaintiff-Appellant, | ) | HAMILTON CHANCERY |
| | ) | |
| vs. | ) | HON. DOUGLAS A. MEYER, |
| | ) | SITTING BY INTERCHANGE |
| SHERYL JUNE JAHN, | ) | |
| | ) | AFFIRMED AND |
| Defendant-Appellee. | ) | REMANDED |

J. W. DIETZEN, DIETZEN & ATCHLEY, Chattanooga, for Plaintiff-Appellant.

E. BLAKE MOORE, SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, for Defendant-Appellee.


**O P I N I O N**


Franks, J.


        This is a third appeal in this divorce action which was filed more than six years ago between plaintiff ("husband") and defendant ("wife").

        The pertinent facts from the previous appeals are that from the first appeal, this Court mandated that the Trial Court identify the marital assets of the parties, establish the value of those assets, and equitably divide the same. The Trial Court was further directed to value the husband's law practice at $180,065.00, and to categorize the law practice as a marital asset. *Jahn v. Jahn*, 932 S.W.2d 939 (Tenn. Ct. App. 1996).

An Order was subsequently entered by the Trial Court on July 29, 1997, which did identify and value the parties' marital assets, and divided the same. The Order expressly recites that the Court's intent was to divide the marital property 55% to the husband and 45% to the wife. However, if the stated values are added and percentages figured based upon what each party was awarded, husband actually received 62% of the marital estate and the wife received 38%.

The wife's attorney attempted to file an appeal from the July 1997 Order, but the Notice of Appeal was not timely filed, and the appeal was dismissed.

On August 27, 1998, the wife's attorney filed a Motion for Relief from Judgment of Order in the trial court, pursuant to Tenn. R. Civ. P. 60.02 due to the "mistake, inadvertence, and/or excusable neglect by the trial court in the calculation of assets which the Court awarded to the Defendant in this action." Subsequently, the Trial Court hearing the matter, acknowledged that he had made an error in his addition of the assets awarded to husband, such that an additional payment from the husband to the wife was necessary in order to effectuate the court's intended 55/45 split. The Trial Judge thus vacated the prior Order, and entered an Order on March 1, 1999, which corrected the mathematical error contained in the previous order by awarding an additional $31,646.19 to the wife. This appeal resulted from the Trial Court's action.

The wife's motion sought correction of the July 29, 1997 Order pursuant to Tenn. R. Civ. P. 60.02. The Trial Court, however, stated at the motion hearing that pursuant to Tenn. R. Civ. P. 60.01, he could, at any time and on his own initiative correct a mathematical error such as the one under consideration. The Order entered

2

to vacate the July Order does not specifically cite Rule 60.01 as the basis for relief, but it is clear from the transcript of the hearing that this subsection of the rule was relied upon by the judge to justify changing his previous order.

The husband contends that the wife's Rule 60 motion was improperly granted, but Rule 60.01 plainly provides that "clerical mistakes in judgments" or "errors therein arising from oversight" can be corrected at any time and on the court's own initiative. The July Order showed on its face that it contained a mathematical error, and as such, the Trial Court did not err in correcting the same.

The husband further argues that the Trial Court's error was not clerical error, but it is apparent from the transcript that the Court was referring to clerical error as in an error made by the clerk, as opposed to an error made by the Judge himself. The Court quoted from Rule 60.01 and asserted that this was the basis for his ruling. The cases interpreting Tenn. R. Civ. P. 60.01 instruct that the term "clerical mistake" does not just apply to the actions of a court clerk. In the case of *Zeitlin v. Zeitlin*, 544 S.W.2d 103, 108 (Tenn. Ct. App. 1976), this Court interpreted the term "clerical mistake" contained in Rule 60.01 as "mechanical errors of computation or copying by any person, Clerk or otherwise." The Trial Court's correction falls within the stated definition. *Accord*, *Pennington v. Pennington*, 592 S.W.2d 576 (Tenn. Ct. App. 1979).

The wife argues that it was improper for the Trial Court to allow the parties to appeal the July Order "as modified by the Order entered March 1, 1999". The March Order recites, however, is that "[t]he final order entered July 29, 1997 is hereby vacated, and this order shall constitute a modification and re-entry of said final

3

order. The parties are allowed thirty (30) days from the date of the entry of this order to file an appropriate notice of appeal." Accordingly, the March Order, as with any other order, entitled the parties to appeal the substance of the March Order timely perfected.

The issue thus becomes whether the division of marital property was equitable. T.C.A. § 36-4-121(c) provides that certain factors must be considered when distributing the marital estate, pursuant to divorce, and the law is well settled that a property distribution does not have to be mathematically equal to be equitable. *Ellis v. Ellis*, 748 S.W.2d 424 (Tenn. 1988.)

Our review of a trial court's property valuation/distribution is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Mondelli v. Howard*, 780 S.W.2d 769 (Tenn. Ct. App. 1989).

This Court has already addressed certain property valuation and distribution issues in *Jahn v. Jahn*, 932 S.W.2d 939 (Tenn. Ct. App. 1996). This Court specifically found in that appeal that the husband's law practice is a marital asset and was properly valued at $180,065.00, which holding is the law of the case on this issue on this appeal. In that appeal, this Court also stated that the wife had made substantial contributions as a wage-earner, wife and mother, and that the husband had made a contribution of separate property to the marital estate and that these factors should be considered by the Trial Court in equitably dividing the property. *Id.* at 944-945. This Court specifically ruled, however, that the husband would not be able to offset the value of his interest in the law firm assets at the time of the marriage against

the value of the same at the time of the divorce. *Id.* at 944.

The husband argues that wife should have an additional 5% deducted from her share of the marital estate due to her unclean hands, because she attempted to hide marital funds by placing them into a bank account which she held jointly with her boyfriend, and then tried to cover up this fact in court. We have been cited to no reported cases where the unclean hands of a party affected the ultimate division of marital property. The statute which deals with property division pursuant to divorce expressly provides that fault is not to be considered when dividing marital assets. *See* Tenn. Code Ann. §36-4-121(a)(1).

The Trial Court did consider the wife's actions as far as weighing her credibility, by assessing her with the value of that account as well as other cash which she did not account for. The total attributed to this account and other monies not accounted for was some $35,000.00 which was awarded to the wife as a part of her equitable share of the marital estate. Although there was no proof that she actually had these funds at the time of the divorce, the Trial Court felt that she had control of the funds and should be assessed with their value. We hold that no action by this Court is warranted regarding these assets, and that the Trial Court made a proper allocation.

Next, the husband argues that the Trial Court erred in not considering the tax consequences applicable to the Court's award to the husband of his law practice. The husband asserts that, because $165,000.00 of the value of the practice was for accounts receivable, and because the husband is in the 28% tax bracket for income tax, a reduction of $46,000.00 in the value of the law practice was warranted.

5

He relies on Tenn. Code Ann. §36-4-121(c)(9) which mandates that tax consequences must be considered in a property division.

Husband raised this issue before the Trial Judge, but the Trial Judge held that he was constrained by this Court's ruling in *Jahn v. Jahn*, 932 S.W.2d 939, that he must consider the full value of the law practice at $180,065.00. The husband also argued to the Trial Court that after tax values should be used not only for the law practice, but also for husband's IRA, wife's IRA, and the wife's business interest. The Judge ruled that the tax issue was a wash, because both parties were in the same tax bracket, and the Judge elected to use all pre-tax values in dividing the marital assets.

While tax consequences are to be considered as a relevant factor in making an equitable division of marital property, we conclude that the Trial Court took this into account. (By concluding that the taxes would equal out, he simply used pre-tax values on all assets.) There is no proof that the parties were in different tax brackets, or that either party was significantly disadvantaged by the Trial Court's ruling. The evidence does not preponderate against the Trial Judge's ruling on this issue. T.R.A.P. Rule 13(d).

The husband further argues that his income tax debt for 1994 should have been divided between the parties instead of being assessed solely to him. It appears the parties filed separately for that year, and each party made estimated payments throughout the year. The wife ultimately overpaid her taxes by $5000.00, and the overpayment was awarded to her as part of her division of the marital estate. The husband had not paid enough in estimated taxes for 1994, so that he still owed

6

$13,144.00 at the time of the original divorce hearing.

Our case law instructs that trial courts should divide marital debts, and defines marital debts as those incurred during the marriage for the joint benefit of the parties, or those directly traceable to the acquisition of marital property. *Mondelli v. Howard*, 780 S.W.2d 769 (Tenn. Ct. App. 1989). Further, trial courts should apportion debt equitably as they would marital assets, and when practicable, debt should follow the asset it is related to. *Id.*

The *Mondelli* court further explained that courts should consider the following factors when dividing marital debt: (1) which party incurred the debt and the debt's purpose, (2) which party benefitted from incurring the debt, and (3) which party is best able to assume and repay the debt. *Id.*

In this case, the tax debt was a marital debt, just as the wife' tax overpayment was a marital asset, because it related to funds that were earned and paid during the marriage. Both parties benefitted from the husband's salary just as both parties benefitted from the wife's salary. Thus, the issue becomes which party is best able to assume and repay the debt. In this case, as the Trial Court found, the husband is, since he received a larger share of the marital estate than the wife. Since the parties were paying their income taxes separately, the Court's ruling on this issue is appropriate under the circumstances.

Finally, the husband argues that the Trial Court erred in not weighing the husband's monetary contributions to the marriage more heavily, because, at the time of the parties' marriage, husband owned a law practice which he testified was worth $218,000.00, and he had a house with an equity valued at $24,500.00. In *Jahn*

7

932 S.W.2d 945, f.n.4, it was observed:

> To the extent Husband contributed the proceeds from the
> liquidation of these assets to the marriage, his interest at the time
> of the marriage can be considered as a "contribution" by him
> when the court makes an equitable division of the now-existing
> marital estate. *See* T.C.A. § 36-4-121(c)(5).

Clearly, this Court held that the husband was not entitled to a dollar-for-dollar offset of the value of those assets against the marital estate. *Id.* at 944. Rather, it was appropriate under the statute to consider the husband's monetary contribution of these assets as one of the many contributions a party can make, along with contributions as a wage earner, homemaker, parent, etc. *See* Tenn. Code Ann. § 36-4-121(c)(5).

In this case, the Trial Court considered the contribution that the husband had brought into the marriage, and awarded him 10% more of the marital assets than he awarded wife, which amounted to approximately $58,000.00. The Court followed the reasoning of *Brock v. Brock*, 941 S.W.2d 896 (Tenn. Ct. App. 1996), where this Court held that an unequal division was appropriate because the husband had accumulated a substantial amount of property prior to the marriage which he contributed to the marital estate, and which was "seed" wealth for the large marital estate which had to be divided.

Husband insists that a different result is mandated by *Batson v. Batson*, 769 S.W.2d 849 (Tenn. Ct. App. 1988). *Batson* does not mandate a different result, contrary to the husband's contention. *Batson* dealt with a marriage of only five years where the husband came into the marriage with more than ten times the property that his wife had, and the wife did not work at all during the marriage, at husband's request. In *Batson*, this Court held:

8

> When relatively short marriages are involved, each spouse's contributions to the accumulation of assets during the marriage is an important factor. When a marriage is short, the significance and value of a spouse's non-monetary contributions is diminished, and claims by one spouse to another spouse's separate property are minimal at best.

*Batson* at 859.

In this case, the marriage lasted for ten years, which is a relatively short period, so it was proper for the court to consider each spouse's contributions to the accumulation of assets, as *Batson* instructs. Both parties made contributions as wage earners, earning substantial wages during the marriage, as well as contributions as homemaker and parent. Husband made a significant initial contribution of property to the marriage, and the Trial Court properly considered the same in awarding husband a larger share of the marital estate. The evidence does not preponderate against the Trial Court's division of property, and we affirm.

The judgment of the Trial Court is affirmed and the cause remanded with the cost of the appeal assessed to the appellant.


_____
Herschel P. Franks, J.


CONCUR:



_____
Houston M. Goddard, P.J.

9

_____
D. Michael Swiney, J.