FIRST COMMUNITY BANK OF SOUTHEAST
ARKANSAS *v.* Donald R. PACCIO and Betty D. Paccio

CA 99-1473                                    17 S.W.3d 510

Court of Appeals of Arkansas
Division IV
Opinion delivered May 31, 2000

314

*Joseph P. Mazzanti, III*, for appellant.

*James W. Haddock*, for appellees.

SAM BIRD, Judge. Appellant First Community Bank of Southeast Arkansas brings this appeal from the Circuit Court of Bradley County, which denied it a deficiency judgment against appellees Donald R. and Betty Darlene Paccio. We affirm.

In August 1994 and 1995, Donald Paccio purchased certain furniture from Carpenter Home Supply and entered into a retail installment contract and a security agreement with Daylight Finance Company. First Community Bank subsequently purchased the account from Daylight Finance Company. In March 1996, the Paccios filed for Chapter 13 bankruptcy but, thereafter, entered into a "Reaffirmation Agreement and Contract Modification Agreement" with the bank. After the Paccios defaulted on the loan, First Community Bank filed a complaint for replevin on July 24, 1998. The Paccios answered with a general denial. The court entered an order of delivery allowing First Community Bank to take possession of the items in dispute and an order allowing the property to be sold at a public sale.

After the sale, the bank filed an amended complaint for replevin praying for judgment against the Paccios, jointly and severally, for $9,511.82, representing the principal and interest on their debt as of February 17, 1998, less any proceeds received from the sale of the personal property. The Paccios answered the bank's amended complaint, denying any liability for any deficiency result-

ing from the sale because the sale of the property was not held in a commercially reasonable manner.

A hearing on the issue of a deficiency judgment was held on July 12, 1999, and Jerry Starnes, vice president and loan officer for First Community Bank, testified that his bank had acquired the Paccios' account from Daylight Finance through a foreclosure action. He stated that after the Paccios defaulted on the loan and the bank obtained possession of the furniture, the principal balance of the loan was $9,105.12.

Starnes testified that the first scheduled sale of the Paccios' furniture was canceled because the bank felt "uncomfortable that we had given Ms. Paccio adequate time to respond." Two to three weeks prior to the second sale, the bank notified the Paccios of the sale by certified mail and by regular mail, and sent a copy of the notice to their attorney, James Haddock. Starnes admitted that the Paccios did not sign for the certified letter, and that the certified letters were returned to the bank unclaimed. He stated that he sent the notices of the sale to their last known address. However, he stated that he knew the couple was separated at the time he sent the certified letters and that he knew that Ms. Paccio was teaching school in Louisiana. The bank also advertised the sale in two of the local newspapers. Starnes testified that the furniture sold for a total of $2,670, and that the balance of the Paccios' debt, plus expenses of the sale, less the amount garnered from the sale, was $10,746.94. He stated that the day after the sale of the property, the Paccios' attorney phoned him and made an offer to purchase the furniture for $2,000, but that he could not accept the offer because the furniture had already been sold.

Darlene Paccio testified that she was married to Don Paccio and that she had an apartment in Louisiana while she was teaching school at Pine Grove Elementary. She and her husband had separated in March, and she returned home at the end of May. She stated that she did not receive notice from the bank about the sale of the property or her right to redeem the property. She confirmed that James Haddock is her attorney.

The court denied the bank's request for a deficiency judgment, finding that the bank had failed to prove that notice of the time and place of the sale was given to the Paccios. It noted that Starnes had testified that he had sent notice to the Paccios, but that Starnes did not testify as to whether the notice included the time and place of the public sale. The judge stated that when the creditor fails to provide the time and place of the sale of repossessed collateral, the creditor is not entitled to a deficiency judgment, relying on *First State Bank of Morrilton v. Hallett*, 291 Ark. 37, 722 S.W.2d 555 (1987).

■ The sale of the debtors' collateral must be commercially reasonable as to method, time, place, and terms. *Walker v. Grant County Sav. & Loan Ass'n*, 304 Ark. 571, 803 S.W.2d 913 (1991); *G.W. Clark v. First Nat'l Bank of Mena*, 24 Ark. App. 52, 748 S.W.2d 42 (1988); Ark. Code Ann. § 4-9-504(3) (Repl. 1991). The secured party must send the debtors reasonable notice of the time and place of public sale of collateral and reasonable notice of the time after which private sales will be made, unless the debtor has signed a statement renouncing or modifying that right. *Walker v. Grant County Savings & Loan Ass'n, supra*; *G.W. Clark v. First National Bank of Mena, supra*; Ark. Code Ann. § 4-9-504(3). The debtor is entitled to notification of a specific date after which the creditor intends to dispose of the property. This provides the debtor a fixed period within which to protect himself from an inadequate sale price in any manner he sees fit. *Walker v. Grant County Savings & Loan Ass'n, supra* (citing *Wheeless v. Eudora Bank*, 256 Ark. 644, 509 S.W.2d 532 (1974)). The court has also held that the notice requirements must be consistently adhered to. *Walker v. Grant County Saving & Loan Ass'n, supra* (citing *First State Bank of Morrilton v. Hallet*, 291 Ark. 37, 722 S.W.2d 555 (1987)).

■ When a creditor repossesses chattels and sells them without sending the debtor notice as to the time and date of sale, or as to a date after which the collateral will be sold, he is not entitled to a deficiency judgment, unless the debtor has specifically waived his rights to such notice. *Walker v. Grant County Sav. & Loan Ass'n, supra*; *Rhodes v. Oaklawn Bank*, 279 Ark. 51, 648 S.W.2d 470 (1983).

The bank brings this appeal, contending that the trial court erred in its finding that the Paccios had contended that they were not notified of the sale. Essentially, the bank argues that the trial court decided the case on a basis that had not been argued by the Paccios. The bank states that Darlene Paccio testified that she did not receive the notice because she was separated from her husband, not because the notice was not sent to her by the bank. The bank also notes that Don Paccio did not testify at all, and that no witness testified that the notice was inadequate. The bank argues that it is not required by law to prove that the Paccios actually received the notice, only that the notice was sent. We do not agree.

The Paccios raised the issue of the adequacy of the bank's notice of the sale in their answer to the bank's amended complaint for replevin by specifically asserting as a defense to the bank's claim to a deficiency judgment that the sale of collateral was not held in a commercially reasonable manner. The requirement set forth in Ark. Code Ann. § 4-9-504(3) that the secured party give to the debtor reasonable notification of the time and place of the sale or other intended disposition of the collateral is a consideration in determining whether the sale is commercially reasonable. *See Cheshire v. Walt Bennett Ford, Inc.*, 31 Ark. App. 90, 788 S.W.2d 490 (1990). The burden is on the creditor to prove that a notice was sent that conforms to the requirements of that section. *Id.*

In *Walker*, it was alleged that the creditor had delivered to the debtor a handwritten note stating that the property would be sold. A copy of the note was introduced into evidence. However, the court held that this was insufficient notice because:

> there is no reference in the message to time of sale, or to specific location of sale, or to the method, manner, and terms of the sale other than the fact it was to be an auction. Any reference to private sales to be held after the auction was also omitted, and no subsequent written notice was given to ... Walker about private sales.

*Walker v. Grant County Savings & Loan Ass'n*, 304 Ark. at 571, 803 S.W.2d at 916.

■ The bank did not introduce the notice into evidence, so we are not aware whether it included the time and the place of the sale. Although Starnes testified that notices were sent to Mr. and Mrs. Paccio by certified mail, he offered no testimony as to the content of the notices. Because no evidence was presented as to the content of the notice of sale, we cannot say that the court erred in its conclusion that the bank failed to prove that it gave notice of the time and place of the sale to the Paccios. Accordingly, the court did not err in denying the bank a deficiency judgment against the Paccios.

Affirmed.

ROBBINS, C.J., and MEADS, J., agree.