PRIMUS FINANCIAL SERVICES *v.* Kimberly SEITZ

CA 07-1089                                                      283 S.W.3d 235

Court of Appeals of Arkansas
Opinion delivered April 16, 2008

*Hosto, Buchan, Prater & Lawrence, PLLC,* by: *R. Dallas Elms, Jr.,* for appellant.

*Dyer and Jones,* by: *F. Parker Jones, III,* for appellee.

JOHN MAUZY PITTMAN, Chief Judge. Appellant brings this appeal from an order dismissing its debt claim with prejudice for failure to provide appellee with notice of disposal of the collateral. We reverse and remand.

Appellee purchased a 2001 Dodge automobile from a Little Rock dealership in October 2003. Financing in the amount of $9,649 was provided by appellant pursuant to a retail installment contract that gave appellant a security interest in the vehicle. Appellee loaned the automobile to a non-insured driver, and the automobile was destroyed in an accident. The wrecked automobile was towed from the accident scene by direction of police authorities pursuant to Ark. Code Ann. § 27-50-1207 (Supp. 2007). Appellee and appellant were both notified by the towing firm pursuant to Ark. Code Ann. § 27-50-1208 (Supp. 2007) that the recovery, towing, and storage fees were due, and that the

owner and lienholder would waive all right, title, and interest in the wrecked vehicle unless it was claimed within forty-five days by paying all accrued charges. Neither party claimed the wreck, and it was sold by the towing firm pursuant to Ark. Code Ann. § 27-50-1209 (Supp. 2007).

Appellant sued appellee on the installment contract, alleging that appellee was in default and seeking the remaining balance of $6,064.87, plus interest. Appellee moved to dismiss on the grounds that appellant had disposed of the collateral without sending appellee the notice required by Ark. Code Ann. § 4-9-611 (Repl. 2001) beforehand, and was thus barred from obtaining a deficiency judgment by the holding in *Mooney v. Grant County Bank*, 18 Ark. App. 224, 711 S.W.2d 841 (1986). The trial court agreed and dismissed appellant's case with prejudice. On appeal, appellant argues that it had no duty to notify appellee of the pending sale of the collateral because the sale was ordered not by appellant, but instead by an unrelated third party. We agree, and we reverse.

█ It was error to hold that the appellant finance company had a duty under Ark. Code Ann. § 4-9-611 to notify appellee that the towing company intended to dispose of the collateral. The towing company had a first-priority possessory lien on the collateral pursuant to the express terms of Ark. Code Ann. § 27-50-1207(a)(1), and it was the towing company's duty under Ark. Code Ann. § 27-50-1209 to notify appellee of its intent to foreclose on this lien. The towing company did so. Appellant never possessed or disposed of the collateral under Ark. Code Ann. § 4-9-610 (Repl. 2001), and it was therefore not required to give the notice required by Ark. Code Ann. § 4-9-611 before such a disposition was made. Even had appellant, as secondary lienholder, actually obtained possession of the collateral from the towing company pursuant to Ark. Code Ann. § 4-9-618 (Repl. 2001), subsection (b)(1) of that statute expressly states that this would not be a disposition of collateral under Ark. Code Ann. § 4-9-610. Clearly, appellant had no duty to provide the notice required by Ark. Code Ann. § 4-9-611 for disposition of collateral pursuant to § 4-9-610. Disposition in this case was by the towing company under its lien pursuant to Ark. Code Ann. § 27-50-1209, not by appellant under Ark. Code Ann. § 4-9-610.

Reversed and remanded.

ROBBINS and MARSHALL, JJ., agree.